UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFIA FRANCO, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>-against-<br><br>OTTATI FOODS LTD. d/b/a MARINO'S SUPERMARKET, PETER MARINO, and MARIA MARINO,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SOFIA FRANCO ("Plaintiff") individually and on behalf of other similarly situated employees by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants OTTATI FOODS LTD. d/b/a MARINO'S SUPERMARKET (the "Company" or "Corporate Defendant"), PETER MARINO, and MARIA MARINO ("Individual Defendants") (Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to Title VII of the Civil Rights Act ("Title VII;" 42 U.S.C. § 2000e et seq), 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC) on and about March 4, 2021 complaining of the acts of national origin, ethnicity, and gender discrimination contained herein.

3. Plaintiff complied fully with all administrative prerequisites to invoke the jurisdiction of this Court.

4. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

5. At all relevant times, Corporate Defendant has been a limited liability company organized and existing under the laws of the State of New York, which maintains its principal place of business at 16307 29th Ave., Queens, NY, 11358.

6. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

7. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

10. At all relevant times, Defendants have continuously been doing business and employing workers in the State of New York, and accordingly are "employers" within the definition of New York Labor Law and the New York City Human Rights Law.

11. Individual Defendants were at all relevant times owners, agents, or employees of Corporate Defendant.

12. Throughout her employment, Plaintiff was supervised by Individual Defendants, who held supervisory authority over Plaintiff, including, inter alia, setting schedules, assigning tasks, and taking disciplinary action against her.

13. At all relevant times, Defendants were employers under the FLSA and Title VII.

14. Plaintiff is an adult individual residing in the State of New York, who has been employed by Defendants within the last six (6) years to work as a cashier.

## NATURE OF THE ACTION

15. Plaintiff brings this action to challenge Defendants' practice of gender, ethnicity, and national origin discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights Act (Title VII), the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL"), and 42 U.S.C. § 1981(a).

16. Plaintiff further brings this action for Defendant's failure to pay overtime under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

17. Plaintiff further brings this action for Defendant's failure to provide her with wage notices and compliant paystubs as required under NYLL §195.

## FACT ALLEGATIONS

### *Defendants' Wage and Hour Violations*

18. At all times relevant, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

19. Defendants have maintained a policy and practice of failing to pay Plaintiff for each hour she worked above 40 hours per week at her regular rate plus overtime compensation, as required by federal and state law and regulations.

20. Throughout Plaintiff's employment, Plaintiff usually worked 5 or 6 days a week for more than 40 hours.

21. For example, during the week beginning August 13, 2018 through August 20, 2018, Plaintiff worked from August 13 through August 19 for a total of no less than 62 hours.

22. Plaintiff worked no less than 10 hours on August 13, 8 hours on August 14, 8 hours on August 15, 12 hours on August 16, 10 hours on August 17, 7 hours on August 18, and 7 hours on August 19 for a total of no less than 62 hours.

23. Throughout her employment, Plaintiff regularly worked 48 hours per week and occasionally up to or more than 60 hours per week.

24. In 2019 Defendants also directed Plaintiff to arrive at work 10 minutes early to count the money in cash register.

25. Defendants paid Plaintiff $13.00 an hour and then raised her pay to $15.00 per hour.

26. Instead of paying time and a half as required by law, Defendants paid Plaintiff by check for her first 40 hours worked, then paid her at her regular hourly rate in cash for all hours worked above 40.

27. Defendants never provided Plaintiff with a wage notice that specified her rate of pay and other important information as required under NYLL §195. Plaintiff's paystubs were also inaccurate because they did not provide a correct accounting of all hours worked.

28. Plaintiff also worked more than 10 hours in a single day on a regular basis, but Defendants did not pay her an additional hour of pay at the minimum wage when she did so.

*Hostile Work Environment*

29. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

30. Plaintiff is a Hispanic woman of Colombian origin.

31. Plaintiff began working for Defendants as a cashier in April 2018.

32. Throughout her employment with Defendants, Plaintiff was consistently subjected to an atmosphere of severe and pervasive sexually degrading comments.

33. Instances of discriminatory sexual harassment include but are not limited to:

    i. On one occasion, when Plaintiff commented that she was tired, a co-worker named Mike who was related to Defendants responded that "it would be great to have sex."

    ii. On another occasion, Mike said to Plaintiff that "the room is hot and it would be great to have sex" when they were the only people in the break room.

    iii. Another co-worker, Lorenzo, also directly asked Plaintiff whether she "got it hard last night?"

    iv. Plaintiff also observed Mike and Lorenzo harass other female cashiers.

34. Plaintiff Franco reported the sexual harassment to Individual Defendants.

35. Individual Defendants failed to take any action in response to Plaintiff's repeated reports of sexual harassment.

36. These comments created a hostile work environment and constituted disparate treatment and caused Plaintiff emotional harm that continues until present.

37. Plaintiff's male coworkers were not subject to similar harassment.

38. Defendant Maria Marino also subjected Plaintiff to harassment and discrimination on the basis of her ethnicity (Hispanic) and national origin (Colombian).

39. On multiple occasions, Defendant Maria Marino mocked and harassed Plaintiff for speaking Spanish with Spanish-speaking customers and coworkers.

40. On one occasion, Defendant Maria Marino chastised Plaintiff for speaking Spanish to a coworker, saying "we speak English here."

41. When Plaintiff responded that may workers spoke Italian while at work, Defendant Maria Marino repeated that Plaintiff was not to speak Spanish at work.

42. Defendant Maria Marino prevented Plaintiff from using a more accessible first-floor bathroom.

43. Defendant Maria Marino also refused to provide Plaintiff with a face mask after the COVID-19 pandemic began even though the other non-Hispanic cashier was offered a mask.

44. Plaintiff complained to Defendant Peter Marino about Defendant Maria Marino's harassment, but no action was taken.

Defendants terminated Plaintiff on May 8th, 2020.

**II.   Collective Action Allegations.**

45. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

46. Plaintiff's Consent to Sue is attached as **Exhibit 1**.

47. Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former employees of Defendants who worked at Defendants' supermarket pursuant to 29 U.S.C. § 216(b).

48. Upon information and belief, there are at least 40 employees performing similar duties working at Defendants' supermarket who have been denied overtime compensation while working for Defendants.

49. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

50. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

51. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants performing similar duties as Plaintiff working at Defendants' supermarket on or after the date that is six (6) years before the filing of the instant Complaint.

52. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

7

53. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

54. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

55. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

56. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

57. Plaintiff brings the second through fourth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

**FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA Against All Defendants)**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per work-week.

60. At all relevant times hereto, Defendants have had and operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times her regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

61. Plaintiff seeks damages in the amount of her unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Overtime Wage Violations under the NYLL Against All Defendants)**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any work-week.

64. Throughout the statute of limitations period covered by these claims, Defendants have knowingly, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times her regular rate of pay, for hours worked in excess of forty (40) per work-week.

65. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(NYLL – Notice and Record-Keeping Requirements Against All Defendants)**

66. Plaintiff realleges and incorporates by reference all preceding paragraphs.

67. NYLL § 195(1)(a) requires employers at the time of hiring to give employees written notice, in English and in the employees' primary language, the rate or rates of pay and the basis of the rate, whether they are paid by the hour, shift, day, week, salary, piece, commission, or other and allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances. NYLL 195(1)(a).

68. Defendants failed to provide Plaintiff with a wage notice in English and in Plaintiff's primary language, Spanish, containing the information required by NYLL § 193 and 195.

69. Defendants' unlawful conduct was willful, intentional, and lacked a good faith basis.

70. Pursuant to NYLL §§ 195(1) and 195(3), Plaintiff is entitled to damages of $50 for each workday Defendants failed to provide Plaintiff with a wage notice, and damages of $100 for each workday Defendants failed to provide Plaintiff with an accurate wage statement up to $5000, plus reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198.

### FOURTH CLAIM FOR RELIEF
**(Unpaid Spread-of-Hours under the NYLL against all Defendants)**

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Pursuant to the New York Labor Law, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each day he worked more than 10 hours.

73. Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

74. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Gender Discrimination under NYCHRL Against All Defendants)

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. By the acts and practices described above, Defendants discriminated against Plaintiff in violation of NY City Human Rights Law by subjecting her to a hostile work environment on the basis of her sex or gender.

77. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

78. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## SIXTH CLAIM FOR RELIEF
### (Gender Discrimination under Title VII Against the Corporate Defendant)

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. Title VII makes it unlawful for an employer to "... discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's... sex..."

81. By the acts and practices described above, Defendants intentionally discriminated against Plaintiff based on her sex by subjecting her to a hostile work environment in violation of Title VII.

82. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss

of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation, and substantial losses in past and future earnings and other fringe benefits.

## SEVENTH CLAIM FOR RELIEF
**(National Origin Discrimination under NYCHRL Against All Defendants)**

83. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84. By the acts and practices described above, Defendants discriminated against Plaintiff in violation of NY City Human Rights Law by subjecting her to a hostile work environment on the basis of her national origin.

85. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

86. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## EIGHTH CLAIM FOR RELIEF
**(National Origin Discrimination under Title VII Against the Corporate Defendant)**

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. Title VII makes it unlawful for an employer to "... discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's...national origin."

89. By the acts and practices described above, Defendants intentionally discriminated against Plaintiff based on her national origin by subjecting her to a hostile work environment in violation of Title VII.

90. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### NINTH CLAIM FOR RELIEF
### (Ethnicity Discrimination under NYCHRL Against All Defendants)

91. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

92. By the acts and practices described above, Defendants discriminated against Plaintiff in violation of NY City Human Rights Law by subjecting her to a hostile work environment on the basis of her ethnicity.

93. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

94. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### TENTH CLAIM FOR RELIEF
### (Race/Ethnicity Discrimination under Title VII Against the Corporate Defendant)

95. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

96. Title VII makes it unlawful for an employer to "... discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's...race."

97. By the acts and practices described above, Defendants intentionally discriminated against Plaintiff based on her ethnicity by subjecting her to a hostile work environment in violation of Title VII.

98. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## ELEVENTH CLAIM FOR RELIEF
### (Sec. 1981 Violations for Race Discrimination Against All Defendants)

99. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100. By the acts and practices described above, Defendants discriminated against Plaintiff in violation of Sec. 1981(c).

101. Sec. 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…" 42 U.S.C. § 1981(a).

102. Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination."

103. Defendants systematically, adversely, and purposefully discriminated against Plaintiff based on ethnicity and created a discriminatorily hostile work environment.

104. Defendants knew that their actions constituted unlawful discrimination, retaliation, and/or willfully disregarded Plaintiff's statutorily protected rights.

105. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory and harassing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

1. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

2. Prejudgment interest;

3. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory acts and practices of Defendants;

4. Plaintiff's costs and reasonable attorneys' fees; and

5. Any relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims for relief to which she has a right to a jury trial.

Dated: April 4, 2022
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*Michael Taubenfeld*
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Michael Taubenfeld
　　　　　　　　　　　　　　　　　　　　　　　FISHER TAUBENFELD LLP
　　　　　　　　　　　　　　　　　　　　　　　225 Broadway, Suite 1700
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　　　　　Phone: 212) 571-0700
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 505-2001
　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de OTTATI FOODS LTD. d/b/a MARINO'S SUPERMARKET, PETER MARINO, and MARIA MARINO, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con lostérminos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Sofia Franco

NOMBRE

_[DocuSigned by: signature, F55A2C4A5B04450...]_

FIRMA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by OTTATI FOODS LTD. d/b/a MARINO'S SUPERMARKET, PETER MARINO, and MARIA MARINO and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Sofia Franco.

*Katherine Tenempaguay*
KATHERINE TENEMPAGUAY