F I S H E R  |  T A U B E N F E L D  LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

October 31, 2022

**VIA ECF**
Honorable Cheryl L. Pollak, U.S. M. J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Franco v. Ottati Foods Ltd. d/b/a Marino's Supermarket et al.
Case No.: 22-cv-01898 (DG)(CLP)

Dear Judge Pollak:

This firm represents Plaintiff Sophia Franco ("**Plaintiff**") in the above-referenced matter against Ottati Foods Ltd. d/b/a Marino's Supermarket, Peter Marino, and Maria Marino. We write to request that the Court approve the parties' FLSA settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015).  Attached is the parties' FLSA settlement agreement and a Stipulation of Dismissal.[1]

**1. Background to the Settlement.**

Plaintiff worked for Defendants, a supermarket and its owners, from October 2018 through May 8, 2020.  Plaintiff alleges that throughout her employment, Defendants failed to compensate her in accordance with New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that she usually worked 5 or 6 days a week, frequently for more than 40 hours per week and sometimes for as many as 62 hours per week. Plaintiff further alleges that Defendants never paid her at a rate of one and a half times her standard rate for all hours worked above 40 per week and instead paid to her the regular rate for all hours.  Plaintiff also claims that she worked more than 10 hours in a single day on a regular basis, but Defendants did not pay her an additional hour of pay at the minimum wage ("spread-of-hours" pay), when Plaintiff worked more than 10 hours a day.  Finally, Plaintiff claims that Defendants never provided her

---

[1] The parties have settled Plaintiff's non-wage discrimination claims separately via a separate agreement.  Courts in this Circuit regularly approve such bifurcated settlements and do not review the non-wage agreements.  Pavone v. Diesel U.S.A., Inc., No. 21 CIV. 5219 (PAE), 2022 WL 1177344 (S.D.N.Y. Mar. 2, 2022); Shavis v. Pay-O-Matic Check Cashing Corp., No. 19 CV 484 (CBA) (LB), 2019 WL 4919782, at *2, n.1 (E.D.N.Y. Aug. 22, 2019), report and recommendation adopted, No. 19-CV-00484(CBA)(LB), 2019 WL 4918090 (E.D.N.Y. Oct. 4, 2019).

with a wage notice at the onset of her employment or with paystubs that recorded all of her hours, in violation of NYLL § 195.[2]

Plaintiff calculated her best-case scenario wage damages as $24,064.00 broken down as follows: $5,516.00 in overtime damages, $1,516.00 in spread-of-hours damages $7,032.00 in liquidated damages and $10,000 under NYLL §195. These damages were based mostly on Defendants' pay records, and Plaintiff's recollection where her recollection disagreed with Defendants' records.

### 2. The Settlement is Fair and Reasonable.

The parties attended a lengthy mediation session before Mr. Joe DiBenedetto, Esq. through the EDNY's mediation program. Mr. DiBenedetto is an experienced employment mediator. At the end of the mediation, and based upon Mr. DiBenedetto's recommendation, the parties agreed to resolve the FLSA portion of the case for $5,000. Subsequently, the parties signed a settlement agreement. Under the agreement, the $5,000 will be paid as follows:

  i. To Plaintiff $3,333.34;
  ii. To Fisher Taubenfeld LLP $1,666.66.

My firm will not be receiving any reimbursement for costs under the FLSA agreement.

In exchange for the $5,000 settlement payment, Plaintiff agrees to a release of her FLSA claims.

The terms of the agreement are fair and reasonable. Crucially, this litigation is in the beginning stages, and Plaintiff will not have to wait, potentially for many years, to potentially recover anything after a trial and appeals. Further, Plaintiff's recovery is a fair and reasonable result. Plaintiff's maximum FLSA recovery is $5,516.00, and Plaintiff will be recovering approximately 60% of that recovery. That amount is appropriate.

Finally, my firm's attorneys' fees are fair and reasonable as well. My firm will be receiving $1,666.66 in fees under the this agreement, which is one-third of the total amount. Courts in this District regularly approve one-third contingency fees. See, e.g., Ezpino v. CDL Underground Specialists, Inc., No. 14CV3173DRHSIL, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")

---

[2] Plaintiff also asserted claims under the New York City Human Rights Law ("NYCHRL") for discrimination and harassment on the basis of her national origin and gender. The parties settled these claims separately.

We greatly appreciate the Court's attention to this matter.

Very truly yours,
---------------/s/-------------
Michael Taubenfeld

Encl.