UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

SOFIA FRANCO, *individually and on behalf
of others similarly situated*,

                          Plaintiff,

          -against-                                          **ORDER**
                                                     22 CV 1898 (CLP)
OTTATI FOODS LTD. d/b/a/ MARINO'S
SUPERMARKET, PETER MARINO, and
MARIA MARINO,
                          Defendants.

---------------------------------------------------------X

**POLLAK**, Chief United States Magistrate Judge:

          On April 4, 2022, plaintiff Sofia Franco ("Franco") filed a complaint against defendants

Ottati Foods Ltd. d/b/a/ Marino's Supermarket, Peter Marino, and Maria Marino (collectively,

"defendants"), alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.,

42 U.S.C. § 1981, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the New

York Labor Law ("NYLL") §§ 190 et seq. and 650, et seq., and the New York City

Administrative Code § 8-101, et seq. (Compl.[1])  Plaintiff alleges that defendants failed to pay

her overtime wages, failed to pay her spread of hours pay, failed to provide her with proper wage

statements and notices, and subjected her to a hostile work environment on the basis of her sex,

ethnicity, and national origin. (Id. ¶¶ 19, 27, 28, 32, 33, 37, 38).

          The parties attended mediation on September 27, 2022 and reached a settlement in

principle. (ECF No. 16).  On October 31, 2022, the district court approved the parties' consent

to jurisdiction by Magistrate Judge. (See ECF Nos. 19, 20).  Also on October 31, 2022, the

---

[1] Citations to "Compl." refer to the Complaint filed on April 4, 2022. (ECF No. 1)

1

plaintiff filed a joint motion for settlement approval. (ECF No. 21). On November 22, 2022, this Court held a Fairness Hearing on the motion, pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015).

For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable and approves plaintiff's request for attorney's fees. Although the Complaint was filed as a putative class and collective action, no certification had been sought or granted; therefore, the matter is being settled as to plaintiff Franco only. Additionally, although the Complaint included claims under 42 U.S.C. §1981, Title VII, and the New York City Human Rights Law, the settlement presented to the Court only settles the wage claims. (Pl.'s Ltr.[2] at 1 n.1).[3] The parties averred during the Fairness Hearing that they settled their non-wage discrimination claims separately. (See also id. at 1 n.1 & 2 n.2).

---

[2] Citations to "Pl.'s Ltr." refer to plaintiff's letter motion for settlement approval filed on October 31, 2022. (ECF No. 21).

[3] Some courts in this district have held that when FLSA and non-FLSA claims are settled separately, Cheeks does not mandate review of the non-FLSA settlement. See, e.g., Shavis v. Pay-O-Matic Check Cashing Corp., No. 19 CV 484, 2019 WL 4919782, at *2 n.1 (E.D.N.Y. Aug. 22, 2019) (holding "[c]ourts routinely approve bifurcated settlements in which the parties' FLSA claim undergoes court review for approval while their non-FLSA claims are resolved in a separate agreement"), report and recommendation adopted, 2019 WL 4918090 (E.D.N.Y. Oct. 4, 2019); Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549, 553 (E.D.N.Y 2018) (explaining "I agree with those courts that separate settlement agreements of non-FLSA claims in a combined FLSA/non-FLSA action would not generally be subject to court approval, insofar as their terms concerned only the non-FLSA claims"); Abrar v. 7-Eleven, Inc., No. 14 CV 6315, 2016 WL 1465360, at *1 (E.D.N.Y. April 14, 2016). Other courts will require a review of a separate agreement resolving NYLL claims, especially where the court is concerned that the parties are merely trying to evade Cheeks review of their FLSA claims. See, e.g., Torres v. McGowan Builders, No. 18 CV 6099, 2020 WL 5369056, at *2 (E.D.N.Y. Sep. 8, 2020) (reviewing the non-FLSA, NYLL settlement and finding provisions which would be impermissible in an FLSA settlement); Bazille v. Asset Prot. Grp. LLC, No. 18 CV 6820, 2019 WL 7985168, at *3 (E.D.N.Y. Nov. 27, 1019) (rejecting an FLSA settlement where there was a separate, unsubmitted NYLL settlement because "[i]t is impossible to conduct a Cheeks review and review the fairness of the FLSA settlement without knowing the terms of the NYLL settlement"); Gallardo v. PS Chicken Inc., 285 F. Supp. 3d at 553–54 (ordering the parties to submit both the FLSA and NYLL settlement agreements for review). Here, because the parties' other settlement did not deal with wage and hour claims but dispensed with discrimination claims (see Pl.'s Ltr. at 1 n.1), the Court finds review of the other agreement unnecessary. Cf. Bazille v. Asset Prot. Grp. LLC, 2019 WL 79585168, at *3 (recognizing a different question is posed when a non-FLSA settlement agreement involved discrimination claims rather than NYLL claims).

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Franco alleges that the defendants operate a supermarket located at 16307 29th Ave., Queens, New York, 11358.  (Compl. ¶ 5).  Plaintiff alleges that the defendants were engaged in interstate commerce within the meaning of the FLSA, constituted employers, and annually had a gross volume of sales of at least $500,000.  (Id. ¶¶ 6–7).

From April 2018 until May 8, 2020, plaintiff worked for defendants as a cashier.  (Id. ¶¶ 31, 44).  Throughout her employment, plaintiff Franco regularly worked 48 hours per week and at times up to 60 hours or more per week.  (Id. ¶ 23).  Plaintiff Franco initially was paid $13 per hour and then her pay was increased to $15 per hour.  (Id. ¶ 25).  She alleges that when she worked in excess of 40 hours per week, she was paid at her regular rate for the first 40 hours by check and she was paid at her regular rate in cash for any hours worked in excess of the first 40 hours.  (Id. ¶ 26).  According to plaintiff, defendants never provided her with spread of hours pay, a wage notice, or an accurate wage statement.  (Id. ¶¶ 27–28).

On October 31, 2022, the parties submitted their motion for settlement approval, along with an executed "Fair Labor Standards Act Settlement and Release Agreement" (the "Agreement") and plaintiff's counsel's timekeeping records.  (ECF No. 21).  The parties propose to settle all of plaintiffs' claims for a total of $5,000.  (Pl.'s Ltr. at 2; Agr.[4] ¶ 4).  According to the terms of the FLSA Settlement Agreement, plaintiff Franco will receive $3,333.34 and plaintiff's counsel will receive $1,666.66 in fees.  (Pl.'s Ltr. at 2; Agr. ¶ 4).  Plaintiff's counsel will not be separately recovering costs under this Agreement.  (Pl.'s Ltr. at 2).  As part of the consideration supporting the Agreement, plaintiff agrees to release defendants from any and all FLSA claims.  (Agr. ¶ 2).

---

[4] Citations to "Agr." refer to the "Fair Labor Standards Act Settlement and Release Agreement," filed with the Court on October 31, 2022.  (ECF No. 21-1).

3

DISCUSSION

I.     Legal Standards

In determining whether to approve an FLSA settlement, courts consider whether the agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that, where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation")). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v. American Cancer Soc., No. 10 CV 3214, 2010 WL 3000028, at *1 (S.D.N.Y July 23, 2010)); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation."  Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)).  "[E]ven

though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606.  Rather, if a court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the court must reject the proposed settlement.  Id. at 605.

II.    Settlement Terms

The Court finds that the terms of the Agreement are fair and reasonable.  The Court notes that the Agreement does not contain any confidentiality clauses, broad general releases, bans on future employment, or non-disparagement clauses that do not contain a carve-out for truthful statements, all of which have previously been rejected by courts in this Circuit.  See Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (explaining that confidentiality and broad general release clauses are impermissible) (collecting cases), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016);  Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case").  Specific terms are discussed in turn below.

A.    Settlement Amount

The total proposed settlement amount is $5,000.  (Pl.'s Ltr. at 2, Agr. ¶ 4).  Plaintiff Franco will receive $3,333.34 under the Agreement.  (Pl.'s Ltr. at 2, Agr. ¶ 4).  Under a best-case scenario, plaintiff calculated that she was owed $24,064, with $5,516 of that amount constituting unpaid overtime wages.  (Pl.'s Ltr. at 2).  Plaintiff's counsel believes it is fair that plaintiff is

5

receiving approximately 60% of her estimated FLSA overtime damages.  (Id.)  Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing her claims, and seeing no issues regarding potential coercion, fraud, or collusion in this case, the Court finds that the settlement amount reached is a fair and reasonable compromise.  See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

        B.    Attorney's Fees and Costs

    According to the proposed settlement agreement, $1,666.66 of the settlement funds will go to the plaintiff's counsel to cover counsel's fees.[5]  (Pl.'s Ltr. at 2; Agr. ¶ 4).  Plaintiff's counsel's fees reflect one third of the net settlement amount.  (Pl.'s Ltr. at 2).  Counsel notes similar fee awards are routinely approved in this Circuit.  (Id.).

    Courts must assess the reasonableness of plaintiffs' attorney's fees, regardless of whether the fee has been negotiated as part of the settlement amount.  Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)).  The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable:  "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."  Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (omission in original) (quoting In re Union Carbide Corp. Consumer Prods. Bus. Sec Litig., 724 F. Supp. 160, 163 (S.D.N.Y. 1989)).

---

[5] It does not appear plaintiff's counsel is separately collecting costs as he asserts as much in his letter motion (Pl.'s Ltr. at 2), and said as much during the Fairness Hearing, although the language of the Agreement says the counsel award will go towards "Plaintiff's attorneys' fees and Plaintiff's litigation costs."  (Agr. ¶ 4).

In calculating attorney's fees, courts have used one of two methods: the "lodestar" method and the "percentage-of-recovery" method. See Allen v. Taylor, 795 F. App'x. 79, 80 (2d Cir. 2020). When using the "lodestar" method, courts multiply the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551–52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors, Cowan v. Ernest Codelia, P.C., 2001 WL 30501, at *7; see also Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), and courts in this Circuit have applied a multiplier to the lodestar calculation. E.g., Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (holding "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may also employ the "percentage of the fund" method. See McDaniel v. County of Schenectady, 595 F.3d 411, 417–18 (2d Cir. 2010) (collecting cases). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. See Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. See Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6

(S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

Here, plaintiff was represented by Michael Taubenfeld , Esq., a founding partner of Fisher Taubenfeld LLP, a firm which specializes in employment law.  In this case, plaintiff's counsel is seeking an award of $1,666.66, using the "percentage of recovery" method to seek compensation in the amount one third of the settlement award.  (Pl.'s Ltr. at 2).  Counsel's award is a reasonable amount.  Given that counsel was able to navigate a settlement successfully and quickly between experienced counsel, the Court finds the award of fees is reasonable.

The other Goldberger factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, "FLSA claims typically involve complex mixed questions of fact and law," Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here.  See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013).  Thus, as plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submissions and in consideration of the Goldberger factors set forth above, the Court approves the agreed-upon attorney's fees.

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the

factors courts consider when approving FLSA settlement agreements).  The Court also finds that plaintiff's counsel's request for fees and costs is reasonable.

The parties are directed to file a stipulation of dismissal by **December 19, 2022.**

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  December 5, 2022
        Brooklyn, New York

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

9